# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 16, 2014

147483

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano,
Justices

GERARDO LORENZO TIENDA and SILVIA
LOPEZ GOMEZ,
      Plaintiffs-Appellees,

v

SC: 147483
COA: 306050
Allegan CC: 10-046088-NF

INTEGON NATIONAL INSURANCE
COMPANY, a/k/a GMAC INSURANCE
COMPANY,
      Defendant-Appellee,
and

TITAN INSURANCE COMPANY,
      Intervening Defendant-Appellant.

_____/

On April 30, 2014, the Court heard oral argument on the application for leave to appeal the April 23, 2013 judgment of the Court of Appeals. On order of the Court, the application is again considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MCCORMACK, J. (*concurring*).

I concur in the order denying leave to appeal. I agree with the Court of Appeals' analysis in this case and write only to highlight the difference between domicile and residence clarified in *Grange Ins Co v Lawrence*, 494 Mich 475 (2013), which was released after the published Court of Appeals opinion in this case. *Grange* involved the meaning of the word "domicile" in the context of the no-fault act, MCL 500.3101 *et seq*. This Court stated that

> the common law has necessarily distinguished between the concepts of "domicile" and "residence:"
>
> > The former, in its ordinary acceptation, was defined to

be, 'A place where a person lives or has his home,' while '[a]ny place of abode or dwelling place,' however temporary it might have been, was said to constitute a residence. A person's domicile was his legal residence or home in contemplation of law.

Stated more succinctly, a person may have only one domicile, but more than one residence. For purposes of distinguishing "domicile" from "residence," this Court has explained that "domicile is acquired by the combination of residence and the intention to reside in a given place . . . . If the intention of permanently residing in a place exists, a residence in pursuance of that intention, however short, will establish a domicile." [*Id.* at 494 (citations omitted) (alteration in original).]

It is in determining domicile, and not residence, that an individual's intent to reside is relevant. Furthermore, because a person can have more than one residence, it is possible for an individual to be a resident of more than one state. In such a case, how the term "out-of-state resident" in MCL 500.3163 would apply to an individual who is a resident of both Michigan and another state is not one we need decide today, as this case presents no such question. The insured maintained no other living space in any other state at the time of the accident. He carried all his worldly possessions with him as he followed agricultural seasonal work from state to state. The insured had only one residence at the time of the accident, and that residence was in Michigan.[1]

---

[1] Although I agree with the Court of Appeals that the insured was not an out-of-state resident at the time of the accident, I believe that the Legislature might wish to review the language of MCL 500.3163 because the statute would seem to place liability on Michigan's Assigned Claims Facility even when an out-of-state insurance company has collected monthly premiums for an out-of-state insurance policy.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 16, 2014

t0513



Clerk